Commonwealth ex rel. Orth, Appellant, *v.* Rundle.

Argued March 17, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Peter A. Glascott,* Assistant Defender, for appellant.

*Roland E. Sykes,* Assistant District Attorney, with him *William J. Carlin,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., June 23, 1964:

This is an appeal from the refusal of the Court of Common Pleas of Bucks County to grant a writ of habeas corpus to Oscar R. Orth, a prisoner in a state correctional institution who had been sentenced on February 4, 1941, to not less than eight nor more than twenty years on a charge of armed robbery.[1] The petitioner had pleaded guilty to the charge without the assistance of counsel.

---

[1] Because the petitioner was under a sentence of from 2½ years to 5 years for larceny in Philadelphia County, the Bucks County sentence did not commence until July 24, 1943. When the minimum sentence expired on July 24, 1951, the petitioner was paroled. He was recommitted for parole violation on February 2, 1952, reparoled on July 15, 1953, and recommitted for violation of parole on December 11, 1961. The latter violation consisted of an offense in Montgomery County for which the petitioner was tried, convicted and sentenced to undergo imprisonment for a minimum of two years to a maximum of four years, to commence at the expiration of his present confinement, the termination date of which has been set by the Parole Board as July 24, 1973.

The lower court, after a full hearing at which the petitioner was represented by counsel, denied his petition on the ground that *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L. ed. 2d 799 (1963), is not retroactive. The hearing judge made no specific finding on whether the petitioner waived counsel, requested counsel or was unable, because of indigency or otherwise, to obtain counsel.

This case will be remanded, as specifically requested in the brief filed with this Court on behalf of the petitioner, "for further consideration in light of Gideon v. Wainwright," and in light of our opinion in *Commonwealth ex rel. Goodfellow v. Rundle,* 203 Pa. Superior Ct. 419, 201 A. 2d 615 (1964), as finally determined by the Pennsylvania Supreme Court on our certification.

Remanded.